Richard C. Harris (State Bar No. 208152)
**RICH HARRIS, A LAW CORPORATION**
8175 Limonite Avenue, Suite A
Riverside, California  92509
Phone:  (951) 354-5700
Fax:     (951) 354-5777
Email:   docs@RichHarrisLaw.com

Attorney for Plaintiffs
LEEYONNIE HERNANDEZ and
minors, PZ, KH, and AH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEYONNIE HERNANDEZ, an individual, for herself and, as guardian ad litem for minors PZ, KH, and AH;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, a public entity; DOE DEPUTIES 1-10 individually; and DOES 11-25 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES:**<br>1. **42 U.S.C. §1983, Wrongful Death;**<br>2. **42 U.S.C. §1983, Survival;**<br>3. **42 U.S.C. §1983, Loss of Familial Relationships;**<br>4. **Cal. Civil Code §52.1 – Bane Act;**<br>5. **Negligence**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.   Plaintiffs allege claims under 42 U.S.C. § 1983.  Accordingly, 28

- 1 -

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

U.S.C. § 1331 (federal question) and § 1343 (civil rights) provide for subject matter jurisdiction. Plaintiffs' state-law claims form part of the same case and controversy, and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2.      Plaintiffs' claims arise out of a course of conduct involving officials of the County of Riverside and the Riverside County Sheriff's Department that took place in the County of Riverside, State of California, and within this judicial district.

## PARTIES

3.      The Decedent is Christopher Zumwalt. Decedent was the biological father of PZ, and the financial supporter of KH and AH, all who are minors.

4.      Plaintiff, Leeyonnie Hernandez is the biological mother of the three minors and received financial support from the Decedent.

5.      Plaintiff Leeyonnie Hernandez is a competent adult and the mother of minor Plaintiffs PZ, KH and AH. She is qualified to bring suit as their guardian ad litem as explained in her application for appointment filed herewith.

6.      Plaintiff Leeyonnie Hernandez as guardian of PZ sues as Decedent Christopher Zumwalt's successor in interest pursuant to Cal. Civ. Proc. Code § 377.60(a) on behalf of their biological child PZ.

7.      Defendant County of Riverside is a government entity operating pursuant to its Charter. The County of Riverside through the Riverside County Sheriff's Department (RCSD) provides services for Riverside County, including maintaining its jail system and providing law enforcement services.

8.      Defendants, and each of them, acted under color of law and within the scope of his or her agency and employment.

9.      Plaintiffs sue defendants DOE Deputies 1-10 and Does 11 to 25 by their fictitious names and will amend this complaint to allege their true identities

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

when ascertained.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiffs, and each of them, timely filed the appropriate administrative claims, which have been denied. This lawsuit is timely.

## FACTS

11. The Decedent, Christopher Zumwalt, born, December 1980, is the father of PZ and financial supporter of Leeyonnie Hernandez, and KH and AH. The minors file this claim through their guardian ad litem Leeyonnie Hernandez, who also files this claim on behalf of said minors as the Decedent's successor in interest pursuant to Cal. Civ. Proc. Code § 377.60(a).

12. After several years acting as a model parent and father to Plaintiffs, Mr. Zumwalt developed depression and anxiety, which he self-medicated with opiates, stimulants and alcohol that made his problems worse. He loved his children deeply, but his substance abuse and other personal issues interfered. Everyone's hope and plan was that Christopher would rehabilitate successfully. That would have happened but for the following events.

13. On October 22, 2020, the Decedent was arrested, by RCSD deputies, at or near his residence located in a part of Riverside County known as Whitewater. The Decedent purportedly appeared to be under the influence at the times of his arrest.

14. The Plaintiffs have been deprived of facts and information regarding the circumstances surrounding Decedent's arrest, booking and detention by Defendants in that the RCSD coroner's office has not released the autopsy report or the coroner's investigation report pertaining to the Decedent.

15. Plaintiffs are informed and believe, through conversations with Decedent's parents, that the Decedent suffered head injuries as a result of an altercation at the Larry D. Smith Correctional facility in Banning, California.

16. Plaintiffs are informed and believe, and on that basis allege that Doe

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

defendants and each of them assaulted and battered the Decedent, causing him to suffer physical and emotional harm, and pain and suffering such that he required immediate medical attention and care for the injuries sustained.

17. Medical records reveal that Defendants failed to provide emergency medical care to the Decedent in a timely fashion waiting nearly 60 minutes before transporting him to San Gorgonio Hospital. The injuries sustained by decedent required a higher level of medical care such that the Decedent was transported to Loma Linda University Medical Center on October 23, 2020.

18. The in-custody assault and the Decedent's ensuing death were never reported to the media or published pursuant to normal RCSD procedures and past practices.

19. On or about February 19, 2021 the death certificate was updated to reflect that the manner of death of Decedent was a "Homicide" and referenced that there was a "Physical Confrontation with Law Enforcement".

20. Plaintiffs are informed and believe that video(s) of the events leading to the Decedent's death are in the possession of Defendants and said video(s) has not been shown to Plaintiffs or otherwise released to Plaintiffs by the Riverside District Attorney's office despite their having declined to prosecute any Deputy involved in the physical confrontation.

21. Plaintiffs have been deprived of access to information by the Defendants and upon the discovery of new and additional facts, will amend this Complaint.

## DAMAGES

22. As a result of the foregoing, Plaintiff Leeyonnie Hernandez and minor Plaintiffs PZ, KH and AH sustained severe emotional distress and ongoing grief over the loss of the Decedent. They each sustained pecuniary loss and other compensable injuries resulting from loss of love, society, comfort, attention,

services, and support of the Decedent, in an amount in accordance with proof.

23. As a further proximate result of the acts of defendants, as alleged above, Plaintiffs incurred obligations and expenses to others, including burial expenses, in an amount in accordance with proof.

24. In doing the foregoing wrongful acts, the doe defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the decedent, and Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendant, which is immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIRST CLAIM FOR RELIEF
## (42 U.S.C. §1983 – WRONGFUL DEATH)
(All Plaintiffs v. All Defendants)

25. Defendants, acting under color of state law or through their customs, policies and practices, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution, by, among other things, recklessly and with deliberate indifference consciously disregarding Decedent's medical condition and needs, proximately causing his death.

26. Plaintiff Leeyonnie Hernandez, individually, and as the Guardian ad Litem for PZ, KH and AH are proper parties with standing pursuant to Cal. Civ. Proc. Code § 377.60 (incorporated herein by virtue of 42 U.S.C. § 1988) to pursue this wrongful death claim pursuant to § 1983.

27. Plaintiffs have each been damaged as alleged above.

\\\
\\\

# SECOND CLAIM FOR RELIEF
## (42 U.S.C. §1983 – SURVIVAL)
(Plaintiff PZ, by and through Guardian ad litem,
Leeyonnie Hernandez v. All Defendants)

28. Plaintiff Leeyonnie Hernandez brings this claim for relief in her capacity as the guardian ad litem of minor PZ who is a proper successor in interest of the Decedent, for whom there is no estate opened. Plaintiff has filed the requisite declaration pursuant to the California Civil Code.

29. The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the plaintiff with respect to this claim for relief had he lived.

30. Defendants, acting under color of state law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution, by, among other things, negligently, recklessly and with deliberate indifference consciously disregarding Decedent's medical condition and needs, proximately causing his death.

31. As a proximate result of the foregoing wrongful acts of Defendants, and reach of them, the Decedent sustained general damages, including pre-death pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

32. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity Defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

\\\

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

THIRD CLAIM FOR RELIEF

(42 U.S.C. §1983 – DEPRIVATION OF RIGHT TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT)

(All Plaintiffs v. All Defendants)

33. Defendants, acting under color of state law, deprived Plaintiffs Leeyonnie Hernandez, and minors PZ, KH and AH of their rights to a familial relationship with the Decedent without due process of law in violation of the Fourteenth Amendment by their conscious-shocking deliberate indifference to Decedent's medical condition and needs, causing Decedent's death.

34. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Leeyonnie Hernandez, and minors PZ, KH and AH sustained damages as alleged above.

35. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of and the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune) in an amount adequate to punish the wrongdoers and deter future misconduct.

FOURTH CLAIM FOR RELIEF

(CAL CIVIL CODE §52.1 - BANE ACT)

(All Plaintiffs v. All Defendants)

36. By their acts, omissions, customs and policies, Defendants, acting in concert, as described above, and with threat, intimidation, and coercion, violated the three children's and Decedent's rights under Cal. Civil Code § 52.1 and the following clearly established rights under the laws and constitutions of the United States and California:

  a) Decedent's right to be free from an unreasonable ongoing

seizure as a pretrial detainee and an inmate, as secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

      b)    Decedent's right to be free from cruel and unusual punishment, as secured by the Eighth Amendment to the United States Constitution and the right to be free from cruel or unusual punishment under the California Constitution, Article 1, Section 6;

      c)    Decedent's right to be free from deliberate indifference to his serious medical needs while in custody as an inmate, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Section 7;

      d)    Decedent's rights and liberty interests, as an incapacitated criminal defendant, to freedom from incarceration and to timely, restorative treatment, as secured by the Fourth, Eighth and Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Sections 6 and 7;

      e)    The three children's rights to be free from wrongful government interference with familial relationships and their right to companionship, society, and support with the Decedent, as secured by the Fourteenth Amendment;

      f)    The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

      g)    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43; and

      h)    The Decedent's right to emergency medical care as required by Cal. Gov't Code § 845.6.

37.    Defendants' violation of Christopher Zumwalt's state and federal

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

constitutional and statutory rights through their own intentional and volitional conduct, and with deliberate indifference to his rights and safety, in and of itself, constitutes threat, intimidation, or coercion under the Bane Act. To the extent this claim is based on a violation of the Decedent's rights, it is asserted as a survival claim.

38. To the extent that the violations of rights were done to his three children, it is asserted as a wrongful-death claim. To the extent the violations were done to both the Decedent and to his children, it is asserted as both survival and wrongful death.

39. Defendants County is vicariously liable for the acts of their employees pursuant to Cal. Gov't Code § 815.2.

40. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of the three children's and Decedent's rights under the United States and California Constitutions and law, they sustained injuries and damages, and against each Defendant is entitled to relief as set forth above, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
## (NEGLIGENCE – WRONGFUL DEATH)
(All Plaintiffs v. All Defendants)

41. Defendants, and each of them, failed to exercise ordinary care in the custody, observation, housing, medical evaluation, treatment and care of the Decedent, proximately causing his death. Defendants caused Decedent injury to his person and failed to secure timely and necessary medical treatment to prevent his death. Said acts constitute negligence.

42. As a direct and proximate cause of the aforementioned acts of

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

defendants, Leeyonnie Hernandez, PZ, KH and AH each lost the support, love, comfort and society of the Decedent, as alleged above.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

a) Past and future compensatory general and special damages in accordance with proof;
b) Treble damages as appropriate;
c) Exemplary damages against the doe defendants (but not the entity defendants, which are immune from exemplary damages) in an amount sufficient to make an example of those defendants and to deter future misconduct.
d) Reasonable attorney's fees and expenses of litigation;
e) Costs of suit necessarily incurred herein; and
f) Such further relief as the Court deems just or proper.

Date: October 22, 2021			RICH HARRIS, A LAW CORPORATION

					By:  /s/ Richard C. Harris
					RICHARD C. HARRIS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

Date: October 22, 2021			RICH HARRIS, A LAW CORPORATION

					By:  /s/ Richard C. Harris
					RICHARD C. HARRIS

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES