John Burton, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300/Fax: (626) 440-5968
Email: jb@johnburtonlaw.com

Attorneys for Plaintiff Leeyonnie Hernandez,
As Guardian Ad Litem for Minor PZ Individually and
as Successor In Interest for Christopher P. Zumwalt,
Deceased, and Minors KH, and AH Individually

Peter M. Williamson, State Bar No. 97309
WILLIAMSON LAW FIRM
3220 Foothill Drive, Suite 5
Westlake Village, California 91361
Tel: (818) 403-2600/Fax: (818) 446-9835
Email: pmw@williamsonlawfirm.net

Attorneys for Plaintiffs Robin Zumwalt and Anthony Zumwalt

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEEYONNIE HERNANDEZ, as Guardian Ad Litem for Minor PZ Individually and as Successor In Interest for CHRISTOPHER P. ZUMWALT, Deceased, and as Guardian Ad Litem for Minors KH, and AH Individually, and ROBIN ZUMWALT and ANTHONY ZUMWALT, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, Correctional Sgt. J. GRAJEDA #N5211 (Doe 1), Correctional Corporal K. CAVERLEY #N5644 (Doe 2), Correctional Deputies G. WEST #N6228 (Doe 3), M. ADAME #N6653 (Doe 4), M. GILBERT #N5718 (Doe 5), A. PEARSON #N5316 (Doe 6), J. KELLEY #N4803 (Doe 7), LAY #N6885 (Doe 8), PICON #N6999 (Doe 9), ARCEO #N6660 (Doe 10), and Does 11-20.<br><br>Defendants. | Case No. 5:21-cv-01791-JGB (SPx) (Consolidated with 5:21-cv-1795)<br><br>**CONSOLIDATED FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1.   42 U.S.C. § 1983 – SURVIVAL;**<br><br>**2.   42 U.S.C. § 1983 – DEPRIVATION OF FAMILIAL RELATIONSHIP;**<br><br>**3.   42 U.S.C. § 1983 – ENTITY LIABILITY (*MONELL*);**<br><br>**4.   CAL. CIV. CODE § 52.1;**<br><br>**5.   ASSAULT AND BATTERY;**<br><br>**6.   CAL. GOVERNMENT CODE § 845.6 – FAILURE TO SUMMON MEDICAL CARE.**<br><br>**DEMAND FOR JURY TRIAL** |

# JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367.

# VENUE

2. Plaintiffs' claims arise out of an incident involving Riverside County Sheriff's Department jail employees at the Larry Smith Correctional Facility in the City of Banning, County of Riverside, State of California, and within this judicial district.

# PARTIES

3. The Decedent is Christopher P. Zumwalt.

4. Leeyonnie Hernandez, a competent adult, is the guardian ad litem for PZ, a minor, who is her and Decedent's biological child. PZ appears both as a plaintiff individually and as Decedent's successor in interest pursuant to Cal. Civ. Code § 377.30, the § 377.32 declaration having been filed. [Docket No. 6.] Ms. Hernandez also appears as guardian ad litem for her children AH and KH, both of whom lived with Decedent, were supported by him, and considered him their father. Cal. Civ. Proc. Code § 377.60(c).

5. Plaintiffs, Robin Zumwalt and Anthony Zumwalt, are Decedent's parents. Both are competent adults who bring these claims individually pursuant to Cal. Civ. Proc. Code § 377.60, and under federal civil rights law.

6. Defendant, County of Riverside, is a California general law county operating as a local government entity and not an arm of the State of California for Eleventh Amendment purposes. The County operates and manages the Riverside County Sheriff's Department (RCSD), which in turn employees each individual and Doe Defendant. The County and the RCSD provide law enforcement services to residents of Riverside County and operate the jail system, including the Larry D. Smith Correctional Center in Banning.

7. In their initial complaints, Plaintiffs sued the following County and RCSD correctional employees as Does 1 through 10. They subsequently learned their identities and can now amend the pleadings to identify them by last name and RCSD employee

number: Correctional Sgt. J. Grajeda #N5211 (Doe 1), Correctional Corporal K. Caverley #N5644 (Doe 2), Correctional Deputies G. West #N6228 (Doe 3), M. Adame #N6653 (Doe 4), M. Gilbert #N5718 (Doe 5), A. Pearson #N5316 (Doe 6), J. Kelley #N4803 (Doe 7), Lay #N6885 (Doe 8), Picon #N6999 (Doe 9), and Arceo #N6660 (Doe 10). In doing the acts alleged below and relevant to this action, these ten defendants acted under color of state law and within the course and scope of their employment with the County. These ten defendants and the Does are referred to herein as the "individual Defendants."

8. Plaintiffs sue Defendants Does 11 through 20 by such fictitious names because their true identities are presently unknown to Plaintiffs. Upon ascertaining the true identity of a further Doe Defendant, Plaintiffs will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name.

9. Plaintiffs are informed and believe and thereon allege that the individual Defendants acted intentionally, recklessly, wrongfully, with deliberate indifference, and otherwise, and was responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damage to Decedent and to Plaintiffs.

10. Plaintiffs are informed and believe that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and alter ego of the remaining Defendants, and was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and both ratified and authorized the acts or omissions of each Defendant. Each had the opportunity and obligation to intervene to stop the wrongful conduct of the others, and each failed to do so. At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' and Decedent's constitutional rights.

11. The acts and omission of the individual Defendants as set forth herein were at all material times pursuant to the actual custom, policies, practices, and procedures of the County and RCSD, as alleged more particularly below.

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiffs timely filed appropriate administrative claims, which have been denied. This lawsuit is timely.

# FACTS

13. Shortly after noon on October 22, 2020, a "concerned neighbor" reported Decedent Christopher P. Zumwalt was "shirtless, bare foot and only wearing blue jeans . . . running up and down the street yelling he was 'out of his mind.'" RCSD Deputy Asendorf and Deputy Feldman took Decedent into custody without incident for being under the influence such that he was "unable to exercise care for his . . . own safety," Cal. Penal Code § 647(f), a misdemeanor. Mr. Zumwalt cooperated with the officers and complied with their commands, but was obviously highly delusional and paranoid, and admitted to consuming methamphetamine and alcohol.

14. The RCSD deputies transported Mr. Zumwalt to the Larry D. Smith Correctional Center in Banning, California. Around 2:15 in the afternoon, during the intake search, a small amount of methamphetamine was found on Mr. Zumwalt. The arresting deputies and the intake deputies added a charge. The jailors planned to put Mr. Zumwalt in Sobering Cell No. 1. When his condition improved, he would be released with a misdemeanor citation to appear in Riverside Superior Court.

15. Rather than sobering up, however, Mr. Zumwalt's behavior became progressively irrational. Another inmate complained and was removed, leaving Mr. Zumwalt alone in the sobering cell. Mr. Zumwalt paced and pounded on the cell door. He had a delusion that there was a large amount of his money in the toilet and he tried to retrieve it, soaking himself with water. He took off his clothes. He did not respond to commands. The fact that Mr. Zumwalt's behavior continued to deteriorate for 12 hours after his arrest demonstrated that his severe psychosis was not simply the result of acute intoxication, but had more profound causes that required medical and psychiatric assessments and interventions that the County and its employees had a constitutional duty to provide to a pretrial detainee such as Mr. Zumwalt.

16.     Shortly before midnight, the jail deputies observed that Mr. Zumwalt, after almost 12 hours in custody, was still too psychotic and irrational to respond to their commands. Correctional Sergeant Grajeda, instead of summoning medical and psychiatric help, decided to violently extract Mr. Zumwalt from the sobering cell, where he was safe and contained, so that the booking process could be completed. Sgt. Grajeda mustered the jail's "Emergency Response Team," a crew of about a dozen correctional deputies, equipped with a variety of body armor and less-lethal ordnance.

17.     Shortly after midnight on October 23, 2020, Grajeda authorized his assistant, Deputy West, to give Deputy Gilbert a "Phantom Grenade," a cannister containing a chemical agent, which Gilbert fired it into the cell, filling it with tear gas. Next Grajeda and West directed Gilbert to spray more chemical agent into the cell, and then fire a second cannister of gas. Mr. Zumwalt coughed and screamed that the door needed to be opened. The door opened, but solely to allow Gilbert to fire a "Stinger" grenade into the cell, which had the effect of filling the cell with smoke that interfered with visibility. When the ERT finally entered the cell, Mr. Zumwalt was on his hands and knees struggling to breathe.

18.     Corporal Caverley entered first with a "stun shield," which he triggered to emit electric current while using the shield to flatten Mr. Zumwalt on the sobering cell floor. Caverley set the shield down and kneed Mr. Zumwalt in the side.

19.     Deputy Adame grabbed Mr. Zumwalt's right arm and punched him at least twice.

20.     Deputy Kelley punched Mr. Zumwalt in the face, leading to the only reported injury to a jail employee— Kelley cut his knuckle on Mr. Zumwalt's teeth.

21.     Deputy Pearson took a Taser from Deputy Garcia, the designated user, and fired two pairs of darts into Mr. Zumwalt, while drive-stunning him three times, sadistically inflicting excruciating pain for no legitimate purpose whatsoever.

22.     Deputies Arceo, Lay and Picon assisted by grabbing Mr. Zumwalt's extremities and head, and putting more weight on his body. Caverley, West, Lay, Picon

and Adame, and perhaps others fastened Mr. Zumwalt into an Emergency Restraint Chair (ERC) with his hands cuffed behind his back, restricting his breathing at a time when he needed to hyperventilate to recover from the chemical agent, the tasing, and other uses of force, and to clear out the effects of the chemical agent. During this process, Caverley and Pearson gratuitously pressed their knees into Mr. Zumwalt's body, inhibiting breathing. Gilbert grabbed Mr. Zumwalt's face in what he called a "mandibular jaw thrust," and directed Arceo to put a spit sock over Mr. Zumwalt's face because his mouth was bleeding due to Kelley's punches. The spit sock further inhibited Mr. Zumwalt's breathing.

23. Shortly before 12:20 a.m., Arceo rolled Mr. Zumwalt in the ERC from Sobering Cell No. 1 to Safety Cell No. 4, and set him in front of a video camera with the spit sock still covering his face.



- 6 -

24. There was no way to monitor Mr. Zumwalt, who went into cardiac arrest due to asphyxiation and the accumulated effect of traumatic injuries inflicted by the individual Defendants.

25. About 10 minutes after the move to the safety cell, around 12:30 a.m., Correctional Sergeant Yelenich and Correctional Officer Redor-Almadin found Mr. Zumwalt unresponsive and without pulse. Sgt. Yelenich called for paramedics and an ambulance. She ordered deputies to take Mr. Zumwalt out of the chair. Medical staff eventually commenced CPR. Paramedics took over and were able to generate a pulse, but there had been too much down time following the cardiac arrest. Mr. Zumwalt left in an ambulance, transported San Gorgonio Hospital.  However, because his injuries were so significant as to require a more intensive level of medical care, Mr. Zumwalt was transported to Loma Linda University Medical Center, where he was pronounced dead after surviving on life support for two days.

26. The Riverside County Sheriff-Coroner's Office determined the manner of death to be "Homicide."

27. As a result of the foregoing, Decedent sustained general damages, including pre-death pain and suffering, and the loss of enjoyment of life, in amounts in accordance with proof. Plaintiffs have sustained pecuniary loss and general damages resulting from the loss of Decedent's support, love, care, comfort, companionship and society, and have sustained grief and severe emotional distress, all in amounts in accordance with proof.

28. Decedent and Plaintiffs incurred burial and medical expenses in amounts in accordance with proof.

29. The conduct of the individual Defendants, as alleged above, was willful, malicious, oppressive, and in reckless disregard for the constitutional rights of Plaintiffs and Decedent, thus warranting punitive damages against the individual Defendants (not the County, which is immune from exemplary damages), and each of them, in an amount in accordance with proof.

# **FIRST CLAIM FOR RELIEF**
## **42 U.S.C. § 1983 – SURVIVAL ACTION**
### **(Plaintiff PZ As Successor in Interest Against All Individual Defendants)**

30. Plaintiff PZ as Successor in Interest realleges the allegations contained in Paragraphs 1 through 29, and incorporates the same as though fully set forth herein.

31. Plaintiff PZ brings this claim for relief through her guardian ad litem in her capacity as the successor in interest and personal representative of her father pursuant to Cal. Civ. Code § 377.30, the § 377.32 declaration having been filed with her initial complaint. Docket No. 6.

32. Defendants, acting under color of state law, deprived Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the United States Constitution, proximately causing his death, by, among other things:

    a) Subjecting Decedent to objectively unreasonable and excessive force and objectively unreasonable restraints, including but not limited to, spraying tear gas into the small, windowless, enclosed sobering cell in which they confined Decedent, and then pushing him prone with body weight and an electrified shield, tasing, battering, punching, kicking, and otherwise assaulting him violently applying restraints that unreasonably restricted his breathing, including being strapped into a restraint chair cuffed behind his back with a spit sock, so that he could not recover, and then leaving him essentially unmonitored; and

    b) With objective deliberate indifference, failing to provide Decedent with immediate emergency medical and psychiatric care despite his extreme and bizarre behavior 12 hours after his arrest, and his obvious need for medical and psychiatric assessment and treatment.

33. The foregoing wrongful acts of the individual Defendants, and each them, proximately caused Decedent's pre-death pain and suffering and death.

34. The § 1983 Fourth and Fourteenth-Amendment claims alleged above arose in Decedent's favor, and the Decedent would have been the Plaintiff with respect to those claims for relief had he survived.

35. Decedent suffered pre-death pain and suffering and lost the enjoyment of his life, and lost income and incurred medical and burial expenses in amounts in accordance with proof.

36. In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Decedent. The conduct of the individual Defendants was willful, malicious, and oppressive justifying an award of punitive damages against the individual Defendants (not the County, which is immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct in accordance with proof at the time of trial.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONS WITH DECEDENT
### (All Individual Plaintiffs Against All Individual Defendants)

37. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 36, and incorporate the same as though fully set forth herein.

38. The individual Defendants, and each of them, acting under color of state law, deprived Plaintiffs of their right to familial relations without due process of law in violation of the Fourteenth Amendment by their conscious-shocking actions and their deliberate indifference to Decedent's well-being and immediate need for medical care causing Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a proximate result of the foregoing wrongful acts of the individual Defendants, Plaintiffs sustained general damages including grief, emotional distress, pain and suffering, and the loss of the care, comfort and society, and special damages, including loss of support, in an amount in accordance with proof at the time of trial.

40. In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs and the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant (but not the County, which is immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct in an amount according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – ENTITY LIABILITY (*MONELL*)
**(All Plaintiffs Against County of Riverside )**

41. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 39, and incorporates the same as though fully set forth herein.

42. Plaintiff PZ brings this claim against Defendant County based on the deprivations of Decedent's rights alleged in the First Claim for Relief through her guardian ad litem in her capacity as the successor in interest and personal representative of her father. Plaintiffs PZ, AH and KH, and Plaintiffs Robin Zumwalt and Anthony Zumwalt, bring this claim against the County based on the deprivations of their individual rights alleged in the Second Claim for Relief.

43. Plaintiffs allege that policies, practices and customs of Defendant County were the moving force behind the constitutional deprivations alleged above. In particular, Plaintiffs are informed and believe, and on the basis of such information and belief allege that Defendant County, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Decedent, Plaintiffs, and persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things, each of the following policies customs and practices:

a. Failing to adequately educate, train, and supervise correctional deputies in the arts of law enforcement, including, without limitation, safely handling pre-trial detainees who are intoxicated, under the influence, or otherwise impaired;

b. Failing to adequately educate, train, and supervise deputies in the arts of law enforcement, including, without limitation, the need to summon qualified medical attention for inmates who experience psychosis, including as a result of ingesting drugs, while in custody, and who present a danger to themselves or others;

c. Failing to adequately educate, train, and supervise deputies in the arts of law enforcement, including, without limitation, the appropriate and lawful use of force to restrain individuals who are psychotic, intoxicated, under the influence, or otherwise impaired or non-compliant, while confined in a jail environment, including but not limited to each of the following, alone or in conjunction with each other:

    i. Emergency Response Teams (ERTs) and other forms of overwhelming force;

    ii. Chemical agents;

    iii. Electric shields;

    iv. Grenades;

    v. Tasers;

    vi. Blows with hands, feet and knees;

    vii. Body compression and other positions that compromise breathing;

    viii. Emergency Restraint Chairs (ERCs);

    ix. Mandibular jaw thrusts; and

    x. Spit socks ("expectorant shields").

d. Failing to adequately discipline employees involved in misconduct, including correctional officials who fail to provide inmate access to timely medical care or who subject them to excessive force and unreasonable restraints; and

  e. Condoning and encouraging officers in the belief that they can violate the constitutional rights of persons such as Decedent and Plaintiffs with impunity, and that such conduct will not adversely affect their opportunities for continued employment, promotion and other employment benefits.

44. Plaintiffs are informed and believe, and on the basis of such information and belief allege that the County, through the RCSD and its policy makers, including Sheriff Chad Bianco, ratified the conduct of the individual defendants alleged above by failing to investigate the incident adequately, failing to prepare criminal case referrals and recommendations to the District Attorney's Office, and failing to discipline and prosecute the individual Defendants.

45. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant County, through the RCSD, ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the individual Defendants to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs. The conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendant County and its decision makers, or on their deliberate indifference, gross negligence, or reckless disregard for the safety, security, and rights of Plaintiffs, Decedent, and other persons similarly situated.

46. The foregoing wrongful acts of the County were the moving forces behind Decedent's suffering and death.

47. Decedent and Plaintiffs suffered general and special damages as alleged above.

## FOURTH CLAIM FOR RELIEF
## CAL. CIVIL CODE § 52.1 – BANE ACT
**(Plaintiff PZ As Successor in Interest Against All Individual Defendants)**

48. Plaintiff PZ as Successor in Interest realleges the allegations contained in Paragraphs 1 through 47, and incorporates the same as though fully set forth herein.

49. Plaintiff PZ brings this claim for relief through her guardian ad litem in her capacity as the successor in interest and personal representative of her father pursuant to Cal. Civ. Code § 377.30, the § 377.32 declaration having been filed with her initial complaint. Docket No. 6.

50. Defendants, and each of them, acting in concert as described above, and by threat, intimidation, and coercion, violated Decedent's rights under California Civil Code § 52.1, and the following clearly established rights under the laws and constitutions of the United States and California:

    a) Decedent's right to free from a unreasonable seizure as a pre-trial detainee and jail inmate, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

    b) Decedent's right to be free from cruel and unusual punishment as secured by the California Constitution, Article 1, Section 6;

    c) Decedent's right to be free from deliberate indifference to his serious and urgent medical needs while in custody as an inmate, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Sections 7;

    d) Decedent's rights and liberty interests, as an incapacitated person in custody to timely restorative treatment, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Sections 6 and 7;

    e) The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and

    f) The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

51. Defendants, and each of their violation of Decedent's state and federal constitutional and statutory rights through their own intentional and volitional conduct, and with deliberate indifference to his rights and safety, in and of itself, constitutes threat, intimidation, or coercion under the Bane Act.

52. Defendant County is vicariously liable for the acts of its employees pursuant to California Government Code § 815.2.

53. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of the Plaintiffs' and Decedent's rights under the United States and California Constitutions and statutory law, they sustained injuries and damages, and as against each Defendant, is entitled to relief as set forth above, and both statutory and punitive damages against all individual Defendants (not the County, which is immune from such damages), including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### (All Plaintiffs Against All Defendants)

54. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 53, and incorporate the same as though fully set forth herein.

55. Plaintiff PZ brings this claim through her guardian ad litem in her capacity as the successor in interest and personal representative of her father. Plaintiffs PZ, AH and KH, and Plaintiffs Robin Zumwalt and Anthony Zumwalt, bring this claim pursuant to the California wrongful death statute, Cal. Civ. Proc. Code § 377.60.

56. The individual Defendants assaulted and battered Decedent as alleged above, proximately causing his death.

57. As a direct and proximate cause of the aforementioned acts of the Individual Defendants, Plaintiffs lost Decedent's love, society and companionship, and other survival and wrongful death damages in an amount in accordance with proof. The individual Defendants acted with reckless disregard for Decedent's rights, and with

malice and oppression such that punitive damages should be awarded to Plaintiff PZ in her capacity as Decedent's personal representative. Plaintiff PZ is not seeking punitive damages against the County.

58. Defendant County is vicariously liable for the assault and battery committed by its employees pursuant to Cal. Gov't Code § 815.2.

## SIXTH CLAIM FOR RELIEF
## CAL. GOVERNMENT CODE § 845.6 –
## FAILURE TO SUMMON MEDICAL CARE
### (All Plaintiffs Against All Defendants)

59. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 58, and incorporate the same as though fully set forth herein.

60. Plaintiff PZ brings this claim through her guardian ad litem in her capacity as the successor in interest and personal representative of her father. Plaintiffs PZ, AH and KH, and Plaintiffs Robin Zumwalt and Anthony Zumwalt, bring this claim pursuant to the California wrongful death statute, Cal. Civ. Proc. Code § 377.60.

61. The individual Defendants knew or had reason to know that Decedent was in need of emergency medical care, both before the ERT assault, after he became increasing agitated and delusional, rather than sober during almost 10 hours in the sobering cell, and again after Decedent was gassed, beaten, tased and strapped into the ERC. In both instances the individual Defendants failed to take reasonable and immediate action to summon emergency medical care in violation of Cal. Gov't Code § 845.6, proximately causing Decedent's death.

62. As a direct and proximate cause of the aforementioned acts of the individual Defendants, Plaintiffs lost Decedent's love, society and companionship, and other survival and wrongful death damages in an amount in accordance with proof.

63. Defendant County is vicariously liable for the acts of its employees pursuant to California Government Code § 815.2.

# PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

**On All Causes of Action**

    (a)    Compensatory general and special damages in accordance with proof;

    (b)    Costs of suit necessarily incurred herein; and

    (c)    Such other and further relief as the Court deems just or proper.

**On the First, Second, Fourth and Fifth Causes of Action**

    (d)    Punitive and Exemplary damages against the individual Defendants (but not the County, which is immune from such damages) in an amount sufficient to make an example of the individual Defendants and to deter future misconduct;

**On the Fourth Cause of Action**

    (e)    Statutory damages as appropriate;

**On the First, Second, Third, and Fourth Causes of Action**

    (f)    Reasonable attorney's fees and expenses of litigation.

Dated: March 1, 2022

THE LAW OFFICES OF JOHN BURTON

By: /S/ John Burton
John Burton
Attorneys for Leeyonnie Hernandez
as Guardian ad Litem for Plaintiff PZ,
Individually and as Successor In Interest for
Christopher P. Zumwalt, Deceased,
and For Plaintiffs AH and KH

WILLIAMSON LAW FIRM

By: /S/ Peter M. Williamson
Peter M. Williamson
Attorneys for Plaintiffs
Robin Zumwalt and Anthony Zumwalt

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury pursuant to Fed. Rules of Civ. Proc. 38(b).

Dated: March 1, 2022

THE LAW OFFICES OF JOHN BURTON

By: /S/ John Burton
John Burton
Attorneys for Leeyonnie Hernandez
as Guardian ad Litem for Plaintiff PZ,
Individually and as Successor In Interest for
Christopher P. Zumwalt, Deceased,
and For Plaintiffs AH and KH

WILLIAMSON LAW FIRM

By: /S/ Peter M. Williamson
Peter M. Williamson
Attorneys for Plaintiffs
Robin Zumwalt and Anthony Zumwalt